UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOCTORS MEDICAL CENTER OF MODESTO, INC.,<br><br>Plaintiff,<br><br>v.<br><br>GARDNER TRUCKING, INC., a California Corporation; and DOES 1 through 25, inclusive,<br><br>Defendants. | No. 1:16-cv-01674-DAD-SAB<br><br>ORDER GRANTING MOTION TO REMAND<br><br>(Doc. No. 8) |

    This matter came before the court on November 3, 2016, having been removed from Stanislaus County Superior Court. (Doc. No. 1.) The complaint alleges solely state law causes of action, for breach of implied-in-fact contract, quantum meruit, and open book account. (Doc. No. 1-1.) Nevertheless, defendant's removal of the action was premised on federal question jurisdiction, purportedly because plaintiff's claims are completely preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq*. (Doc. No. 1 at ¶ 3.) Plaintiff filed a motion to remand, asserting that its claims are not preempted by ERISA and the court lacks jurisdiction. (Doc. No. 8.) Defendant filed an opposition on January 24, 2017, and plaintiff replied on January 31, 2017. (Doc. Nos. 11, 12.) The matter was heard on February 7, 2017, with attorney Kim Worobec appearing telephonically on behalf of plaintiff and attorney Timothy Nally appearing telephonically on behalf of defendant. For the reasons set forth below,

1

the court grants plaintiff's motion to remand this matter back to state court.

**BACKGROUND**

The complaint in this case was filed on September 20, 2016 in Stanislaus County Superior Court. (Doc. No. 1.) Plaintiff is a hospital that provided medical services to six different patients covered by defendant's benefit plan. (*Id.* at ¶¶ 6, 14.) According to the allegations of plaintiff's complaint, the two parties here were previously "parties to a written contract with a provider network that provided Defendants contractual discounts off [plaintiff's] charges." (*Id.* at ¶ 9.) Defendant "chose to terminate such written contract." (*Id.*) Therefore, defendant was "aware that, in the absence of a written contract, Defendants and its plan enrollees are not entitled to any contractual discount off the Hospital's charges." (*Id.* at ¶ 10.) Plaintiff alleges it provided treatment to each of the six patients on numerous occasions, and prior to each of the procedures, contacted defendant to request authorization for the providing of services. (*See id.* at ¶¶ 15–60.) Each time, defendant advised plaintiff either that no authorization was required for the procedure, or provided a specific authorization for the procedure. (*Id.*) In at least one instance, defendant represented it would "cover 100% of the services after the patient's deductible was met." (*Id.* at ¶ 40.) However, when plaintiff sought payment from defendant, it was paid only a partial amount of the bill. (*Id.* at ¶¶ 15–60.)

According to plaintiff, the representations from defendant concerning authorization for the procedures constituted "implied-in-fact agreements between [plaintiff] and Defendants obligating Defendants to pay for the care and treatment rendered by [plaintiff] to the Patients." (*Id.* at ¶ 65.) Plaintiff claims that it completed all of its obligations under these implied contracts and yet defendants failed to pay the full amount as promised, and therefore breached the implied contracts. (*Id.* at ¶¶ 66–69.) Plaintiff alleges causes of action for quantum meruit and open book account, in the alternative. (*Id.* at ¶¶ 71–85.)

Plaintiff moves to remand the action to state court, arguing that its complaint does not assert a federal cause of action and ERISA does not completely preempt the state law causes of action alleged therein. (Doc. No. 8.) Plaintiff also seeks attorneys' fees and costs associated with the filing of the motion for remand. (*Id.*) Defendant concedes there is no federal cause of action

alleged, but argues ERISA does provide complete preemption. (Doc. No. 11.) Defendant also argues that plaintiff is not entitled to an award of attorneys' fees and costs associated with the pending motion because removal was proper. (*Id.*)

## LEGAL STANDARDS

Removal jurisdiction is governed by federal statute, and allows suits brought in state courts to be removed to federal court if they could have been filed in the latter initially. 28 U.S.C. § 1441(a); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Retail Property Trust v. United Brotherhood of Carpenters and Joiners of America*, 768 F.3d 938, 947 (9th Cir. 2014). Generally, federal question jurisdiction is "governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Retail Property Trust*, 768 F.3d at 947 (quoting *Caterpillar Inc.*, 482 U.S. at 392). This is because "the plaintiff is the master of the complaint," and has the right to, "by eschewing claims based on federal law, choose to have the cause heard in state court." *Caterpillar Inc.*, 482 U.S. at 398–99; *see also Dennis v. Hart,* 724 F.3d 1249, 1252 (9th Cir. 2913). The general removal statute is strictly construed, and a federal court's removal jurisdiction "must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); *see also Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006) (contrasting § 1441 and § 1442 removals). The removing defendants have the burden of establishing removal is proper. *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996); *see also Abrego Abrego v. The Dow Chemical Co.,* 443 F.3d 676, 686 (9th Cir. 2006) (acknowledging "the longstanding rule that the party seeking federal jurisdiction on removal bears the burden of establishing that jurisdiction").

Nonetheless, it is also the case that "under the artful pleading rule 'a plaintiff may not defeat removal by omitting to plead necessary federal questions in a complaint.'" *ARCO Envtl. Remediation, L.L.C. v. Department of Health and Envtl. Quality of Mont.*, 213 F.3d 1108, 1114 (quoting *Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 22 (1983)); *see also JustMed, Inc. v. Byce*, 600 F.3d 1118, 1124 (9th Cir. 2010). There are, therefore, rare exceptions to the well-pleaded complaint rule: "(1) where federal law completely

3

preempts state law; (2) where the claim is necessarily federal in character; or (3) where the right to relief depends on the resolution of a substantial, disputed federal question." *ARCO Envtl. Remediation, L.L.C.*, 213 F.3d at 1114. (internal citations omitted).  Only the first of these exceptions is asserted to apply here.

## ANALYSIS

### 1.  *Plaintiff's Motion to Remand is Granted*

Defendant—who has the burden of demonstrating removal was proper—argues that ERISA completely preempts a state cause of action where the claims could have been brought under ERISA's § 502(a)(1)(B), codified at 29 U.S.C. § 1132(a)(1)(B), and there is no other legal duty implicated by defendant's alleged actions.  (Doc. No. 11.)  According to defendant, plaintiff could have brought its claims under ERISA because it took an assignment of benefits from each patient in question.  (*Id.* at 4.)  To establish this, defendant has submitted the declaration of Ben Krambeck, CEO of Claim DOC, LLC, stating that plaintiff in fact took an assignment of benefits from each of those patients.  (Doc. No. 11-1.)  Further, defendant asserts plaintiff is only entitled to recover the amounts due to the patient under the ERISA plan's provisions, and therefore there are no other legal duties giving rise to plaintiff's purported state law causes of actions.  (Doc. No. 11 at 6–10.)

Under ERISA, a participant or beneficiary in a plan covered by that statute may bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B).[1]  This provision completely preempts state law claims if (1) the individual beneficiary or participant could have brought her claim under § 502(a)(1)(B) at some point in time, and (2) there is no other independent legal duty implicated by defendant's actions. *Aetna Health Inc. v. Davila*, 542 U.S. 200, 210 (2004).  This two-pronged test is conjunctive, and both prongs must be satisfied for the claim to be completely preempted.  *Marin Gen. Hosp. v.*

---

[1] While a third-party medical provider does not fall within the express language of that provision, courts have allowed such providers to sue on behalf of plan participants under ERISA where the participant has assigned their rights to the provider.  *See, e.g.*, *Blue Cross of Calif. v. Anesthesia Care Assocs. Med. Grp., Inc.*, 187 F.3d 1045, 1050–51 (9th Cir. 1999).

1  *Modesto & Empire Traction Co.*, 581 F.3d 941, 947 (9th Cir. 2009).

2  The Ninth Circuit has addressed complete preemption under ERISA before in an almost exactly analogous situation. In *Marin General Hospital v. Modesto & Empire Traction Co.*, 581 F.3d 941 (9th Cir. 2009), the plaintiff hospital contacted an ERISA plan provided by defendant to confirm coverage prior to providing a medical procedure. 581 F.3d at 943. The plan "orally verified the patient's coverage, authorized treatment, and agreed to cover 90% of the patient's medical expenses at the Hospital." *Id.* When the plan failed to pay the hospital's requested rate, the hospital sued in state court alleging state law causes of action for breach of implied and oral contracts, negligent misrepresentation, quantum meruit and estoppel. *Id.* at 944. The plan removed the case to federal court predicated on a belief that ERISA entirely preempted the state law causes of action. *Id.* In reversing the district court's denial of plaintiff's motion for remand, the Ninth Circuit explained at length the difference between the jurisdiction-providing complete preemption and conflict preemption, the latter of which may provide an affirmative defense on the merits with respect to certain state claims. *Id.* at 944–47. In order for the former to apply, the state law cause of action must be "entirely encompassed by § 502(a)." *Id.* at 945.

For example, the Ninth Circuit noted that in *Davila*, which set out the test for complete preemption under ERISA, the plaintiff's claims were entirely preempted because the state law claims were based on plan participants seeking the benefits promised by the plan itself. *Id.* at 946–47 ("[P]laintiffs' only legal claims were 'about denials of coverage promised under the terms of ERISA-regulated employee benefit plans.'") (quoting *Davila*, 542 U.S. at 211). The court explained that in the case before it neither prong of the *Davila* test was met and that the situation was therefore quite different. As to the first prong, the plaintiff hospital in *Marin General* did not seek any amount owed to the patient under the patient's ERISA plan. *Id.* at 947 ("The Hospital is contending that this additional amount is owed based on its alleged oral contract with [the plan].") Further, the fact that the patient had also assigned the rights under her ERISA plan did not limit the hospital solely to an ERISA claim. *Id.* at 949 (holding that, even if the rights had been assigned, "there was 'no basis to conclude that the mere fact of assignment converts the Providers' claims [in this case] into claims to recover benefits under the terms of an ERISA

5

plan'") (quoting *Blue Cross of Calif.*, 187 F.3d at 1052). Concerning the second prong, the plaintiff hospital in *Marin General* asserted state law claims "in no way based on an obligation under an ERISA plan" and that "would exist whether or not an ERISA plan existed." *Id.* at 950. Therefore, the second prong of *Davila* was also not satisfied. *Id.*[2]

The present case is on all fours with *Marin General*. The plaintiff here has brought state law breach-of-contract claims premised on the existence of a valid implied-in-fact contract. (*See* Doc. No. 1-1.) Plaintiff's essential factual allegations are that defendant knew there was no contract in place entitling it to discounted rates, yet nevertheless guaranteed coverage (i.e. payment) for certain patients. (Doc. No. 1-1 at ¶¶ 10, 62–70.) Whether payment of the full amount billed by the plaintiff is guaranteed to the patient under the plan or not, defendant allegedly promised *plaintiff* it would pay whatever amount was due. (*Id.*) This is not a claim that is entirely encompassed within § 502(a), which merely allows plan participants to recover the benefits due under the plan. *See* 29 U.S.C. § 1132(a)(1)(B). Instead, it is a claim that, regardless of what the plan participants were entitled to under the plan, defendant would pay plaintiff for the costs incurred in treating the patients.

Defendant makes two interrelated arguments against this interpretation of plaintiff's claims. First, defendant argues the breach of contract claim is ultimately invalid because plaintiff had only an "uncommunicated expectation" that it would receive the full amount it billed and that the complaint "does not allege that [defendant] promised to pay anything more than what is provided for under the Plan." (Doc. No. 11 at 8–9.) Second, defendant contends that the only

---

[2] Put another way, in *Davila* the Supreme Court held that the first prong required asking whether "an individual, at some point in time, could have brought *his* claim under ERISA § 502(a)(1)(B)." 542 U.S. at 210 (emphasis added). *Davila*'s first prong is focused on whether *the* claim at issue could have been brought under § 502(a)(1)(B), not whether plaintiff could have brought *any* claim under § 502(a)(1)(B). This was what the Ninth Circuit made clear in *Marin General*. *See* 581 F.3d at 947–49. Even if plaintiff here *could* have brought a claim under § 502(a)(1)(B) because of the assignments, it did not. The obligation to pay alleged by plaintiff in its complaint here stems from the existence of an implied contract, which is a separate legal obligation under California law. *See, e.g.*, Cal. Civ. Code § 1621 (defining implied contract); *Weitzenkorn v. Lesser*, 40 Cal. 2d 778, 794 (1953) ("The only distinction between an implied-in-fact contract and an express contract is that, in the former, the promise is not expressed in words but is implied from the promisor's conduct.").

recovery plaintiff could purportedly hope for here is that of the plan participants.  (*Id.* at 7) ("Thus, any obligation for [defendant] to pay any amount with respect to the claims alleged in [plaintiff's] Complaint arises because, and only because, the Plan imposes the obligation that it do so.").  Because of this, according to defendant, these causes of action "are simply claims for ERISA benefits in the garb of a state law claims [sic]."  (*Id.* at 8.)

These arguments, however, go to plaintiff's ability to state a cognizable implied-in-fact contract claim under California law.  This court cannot reach defendant's contention regarding the sufficiency of plaintiff's pleading of its state law causes of action prior to determining its jurisdiction over this action.  *Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007) ("'Without jurisdiction the court cannot proceed at all in any cause'; it may not assume jurisdiction for the purpose of deciding the merits of the case.") (quoting *Steel Co. v. Citizens for Better Env't*, 523 U.S. 83, 94 (1998)); *Potter v. Hughes*, 546 F.3d 1051, 1061 (9th Cir. 2008) ("[F]ederal courts normally must resolve questions of subject matter jurisdiction before reaching other threshold issues."); *Herman Family Revocable Trust v. Teddy Bear*, 254 F.3d 802, 807 (9th Cir. 2001) ("[A] court lacking jurisdiction to hear a case may not reach the merits even if acting in the interest of justice.") (quotation and citation omitted).  At best, defendant's arguments could be construed as asserting an affirmative defense of conflict preemption under ERISA, which is something that can and must be asserted by defendant in state court and fails to provide a basis for jurisdiction here.  *See Marin Gen. Hosp.*, 581 F.3d at 944–47 ("The general rule is that a defense of federal preemption of a state-law claim ... is an insufficient basis for original federal question jurisdiction...."); *Dennis*, 724 F.3d at 1253-55; *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1319 (9th Cir. 1998) ("[I]f the complaint relies on claims outside of the preempted area and does not present a federal claim on its face, the defendant must raise its preemption defense in state court.  The fact that preemption might ultimately be proved does not allow removal.") (internal citations omitted).[3]

---

[3] Defendant's argument that plaintiff "does not allege that [defendant] 'assured' it that it would 'cover the cost of the care and treatment provided,' only that it would pay Plan benefits," is not well-founded.  (Doc. No. 11 at 9.)  Plaintiff's complaint explicitly alleges, "Defendants' conduct gave rise to implied-in-fact agreements between the Hospital and Defendants obligating

Finally, defendant's reliance on the decision in *Lodi Memorial Hospital Association v. Tiger Lines, LLC*, No. 2:15-cv-00319-MCE-KJN, 2015 WL 5009093 (E.D. Cal. Aug. 20, 2015), is misplaced. In that case, the court reasoned that, because an assignment had occurred between the plan participant and the plaintiff healthcare provider, the plaintiff there had "Article III standing to bring claims for payment of benefits under ERISA." *Id.* at *5–6. The court held this satisfied the first prong of *Davila* because "Plaintiff identifie[d] no independent contract, agreement or obligation apart from obligations under the plan agreement itself." *Id*. at 6. Here, as explained above, plaintiff specifically alleges the existence of a contract, independent from the plan agreement. Whatever defendant thinks of the *validity* of plaintiff's implied in fact contract claim under California law is immaterial for purposes of this court's jurisdictional analysis.

    *2.    Attorneys' Fees*

Plaintiff requests attorneys' fees and costs for the filing of the motion to remand. District courts are given discretion by statute to award such fees if the matter is remanded. 28 U.S.C. § 1447(c) ("An order remanding the case *may* require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.") (emphasis added). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Here, this court cannot conclude that defendant's removal was objectively unreasonable. The recent decision in *Lodi Memorial* concerned similar issues and a similar complaint, and concluded that the court, in fact, had jurisdiction over that action. While the decision in *Lodi Memorial* is distinguishable for the reasons set forth above, the similarities between the cases suggest that defense counsel was not unreasonable in removing this action. Since the removing party did not lack an objectively reasonable basis for seeking removal, the court declines to award attorneys' fees to plaintiff.

---

Defendants to pay for the care and treatment rendered by the Hospital to the Patients." (Doc. No. 1-1 at ¶ 65.) Plaintiff has alleged defendant knew it had no written contract entitling it to discounts, knew what the hospital billed, and nevertheless authorized coverage, which plaintiff claims constituted an implied-in-fact contract. (Doc. No. 1-1 at ¶¶ 9–14.)

**CONCLUSION**

For the foregoing reasons,

1. Plaintiff's motion to remand (Doc. No. 8) is granted, and this action is remanded to Stanislaus County Superior Court pursuant to 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction;

2. The motion for award of attorneys' fees pursuant to 28 U.S.C. § 1447(c) is denied; and

3. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated: **February 28, 2017**

_____
UNITED STATES DISTRICT JUDGE